IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

**MARISSA PIETSCHKER JOHNSON,**

    Plaintiff,

vs.

Case No: 09  03985

Division: **DIVISION K**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

    Defendant.

RECEIVED

FEB 1 7 2009

CLERK OF CIRCUIT COURT

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARISSA PIETSCHKER JOHNSON, sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and alleges:

### JURISDICTION AND VENUE

1. This is a contract action for damages in excess of $15,000.00.

2. Hillsborough County, Florida is an appropriate venue as this is an action for breach of contract.

3. At all times material hereto, MARISSA PIETSCHKER JOHNSON ("JOHNSON") has been an insured of the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ("STATE FARM").

4. At all times material hereto, Defendant, STATE FARM, has been a Florida corporation and, at all times material hereto, has maintained an office for the regular conduct of its business in Hillsborough County, Florida.

5. At all times material, JOHNSON had been insured for automobile liability under a policy of insurance issued by STATE FARM. A certified copy of the policy at issue will be obtained thorough discovery.

### COUNT I

6. On June 21, 2002, JOHNSON operated a motor vehicle which rear-ended a motor vehicle driven by Melissa Robinson causing injuries.

7. Under the circumstances of the collision that injured Ms. Robinson, JOHNSON was insured for automobile liability under a policy of insurance issued by STATE FARM with liability limits of twenty-five thousand dollars ($25,000.00) per person and fifty thousand dollars ($50,000.00) per occurrence.

8. As a result of the automobile collision, a claim for damages was made against JOHNSON (hereinafter referred to as "the underlying claim") by Ms. Robinson. It is uncontested that the underlying claim was covered under the policy of automobile liability insurance issued by STATE FARM.

9. The underlying claim was properly reported to STATE FARM and a defense was ultimately provided to its insured, JOHNSON.

10. Under the terms of the liability policy issued by STATE FARM that covered JOHNSON, and because of the relationship between STATE FARM and its insured, JOHNSON, STATE FARM owed, by operation of law, a fiduciary duty of good faith to JOHNSON, a duty to handle every aspect of the adjustment and defense of the underlying claim fairly and honestly with due regard for her interests.

11. This duty of good faith:

    (a) Required STATE FARM to affirmatively initiate settlement negotiations as soon as it knew or should have known that JOHNSON was exposed to damages in excess of the policy limits;

    (b) Required STATE FARM to conduct all settlement negotiations in good faith to the best interests of JOHNSON wherever those interests might be divergent from the interests of the insurance company;

    (c) Required STATE FARM to settle the underlying claim against JOHNSON for any amount up to the policy limits if it could do so, when, under all the circumstances of the case, a reasonably prudent person faced with the prospect of paying the entire claim would do so;

    (d) Required STATE FARM to exercise reasonable diligence and a level of care commensurate with the undertaking, in every aspect, of handling the underlying claim against JOHNSON;

    (e) Required STATE FARM to defend the underlying claim, and to obtain for the benefit of its insured competent, independent legal advice and representation for her from attorneys with no conflict of interest;

(f) Required STATE FARM to communicate with its insured candidly and with complete integrity;

(g) Required STATE FARM to act in good faith toward its insured to the entire extent of its undertaking, for both covered and non-covered claims; and

(h) To fully, honestly and promptly advise JOHNSON concerning all settlement opportunities, of the likelihood of a recovery in excess of the policy limits, of the steps they might take to avoid the same, and of any procedures which were available to lessen the financial impact of the underlying claim upon her.

12. STATE FARM breached this duty of good faith by:

(a) Failing to handle the underlying claim against the insured fairly and honestly, and with due regard for her interests;

(b) Failing to settle the underlying claim against its insured when it could have and should have done so, had it acted fairly and honestly, and with due regard for her interests;

(c) Failing to conduct settlement negotiations in good faith;

(d) Failing to promptly obtain competent counsel to represent JOHNSON interests where those interests might be adverse to STATE FARM or its other insureds;

(e) Failing to communicate to its insured with complete candor and honesty;

(f) Failing to timely advise the insured of the likelihood of an excess verdict against her, and of the steps which could be taken to avoid the same, or to lessen its financial impact upon her;

(g) Failing to communicate all settlement opportunities to the insured within a reasonable time after they were made;

(h) Failing to adopt and follow proper claims handling procedures to be implemented in the defense of the underlying claim;

(i) Negligently and carelessly adjusting and defending the underlying claim;

(j) Failing to warn JOHNSON adequately of the likelihood and danger of a punitive damage verdict not covered by insurance; and

(k) Failing to act in good faith toward its insured to the entire extent of its undertaking, for both covered and non-covered claims.

13. As a result of these breaches by STATE FARM the underlying claim did not settle within the policy limits. Instead, a lawsuit resulted in a judgment being entered on

December 19, 2008 against JOHNSON in the amount of Fifty Three Thousand Eight Hundred Ninety Nine and Forty Cents ($53,899.40), plus interest at 11%. Of that judgment, $23,899.40 was for compensatory damages, $30,000.00 was for punitive damages.

14. STATE FARM has made a partial payment of the final judgment in the amount of $24,209.11, which is the component of the judgment for compensatory damages, plus interest, leaving the $30,000.00 punitive damage component due and owing. This judgment is final as the time for the filing of any appeal has expired.

15. JOHNSON has complied with all the terms and conditions of the insurance policy described above.

16. All conditions precedent to JOHNSON's right to bring this action have occurred or have been excused.

17. As a result of STATE FARM'S failure to honor its obligations under the policy of insurance, JOHNSON has been required to retain the services of the undersigned attorney to bring this action and is obligated to pay him a reasonable fee therefore.

WHEREFORE, Plaintiff, MARISSA PIETSCHKER JOHNSON, demands judgment against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in excess of $15,000.00, including the unpaid amount of $30,000.00 of the final judgment now entered against JOHNSON, interest on said judgment, and interest on those other elements of damages upon which interest may be recovered, as well as the costs of this action, attorney's fees pursuant to §627.428, and demands a trial by jury on all issues so triable.

RAYMOND N. SEAFORD, ESQ.
Florida Bar No: 961914
LAW OFFICE OF KEN WARD, P.A.
2002 E. 4th Avenue
Tampa, Florida 33605
Phone: (813) 251-4188
Facsimile: (813) 254-9462
Attorney for Plaintiff